SWIFT, Judge.
This is a tort suit in which the plaintiff, Jeffery Payton, seeks to recover damages *275 from the defendant, Dunham-Price, Inc., for personal injuries sustained in an accident at a construction site in Calcasieu Parish. The plaintiff has appealed from an adverse judgment. We affirm.
The accident occurred at about 11:00 a. m. on August 15, 1978, when Payton was working as a cement finisher’s helper for Bargeman’s Plumbing and Cement Finishing Company, laying a concrete slab. The concrete was being supplied and delivered by Dunham-Price. The procedure employed was for the cement trucks to back up to where the slab was to be laid, with the cement finishers giving the drivers hand signals to direct their proper placement. Once a truck was located for pouring the driver would exit the cab, go to the back of the truck and fold down the chute used in unloading the concrete.
On the morning of the accident two Dun-ham-Price trucks had delivered their loads and left. When the third truck arrived and before the driver got out, the plaintiff attempted to pull a lever at the rear of the truck to enable the chute to swing horizontally. His co-worker, Ivory Burnett, proceeded to fold down the lower section of the chute. In the process the plaintiff’s hand was caught at the hinge between the two chute sections, traumatically amputating two of plaintiff’s fingers.
The issues presented to this court are whether the trial court erred in determining that: (1) The defendant and its employee were not negligent; (2) The lever was not defective; and (3) The accident was caused by the combined negligence of the plaintiff and his co-employee in unfolding the chute.
The plaintiff contends that the driver for Dunham-Price was negligent in failing to exit the truck immediately upon arrival in order to set up the chute for pouring the concrete. He said that because it was hardening rapidly, it was necessary for plaintiff and Burnett to go ahead and get the chute in place. However, both of these persons and their employer testified that this was not their job. The chute was always unfolded and positioned by the truck drivers. The plaintiff admitted that the driver had neither told nor authorized him or Burnett to unfold the chute. He also acknowledged that he had never done this on one of the defendant’s trucks before.
The testimony at the trial indicated that at most two or three minutes elapsed between the time the truck stopped and when plaintiff attempted to move the lever. The driver stated that after stopping he logged his arrival time, exited the cab and turned on the water pressure at the side of the truck. He said this was required and that there was no unusual delay in the procedure which he followed. When he proceeded to the rear of the truck he saw plaintiff’s co-employee flip the lower chute over and then he heard the plaintiff scream. The driver stated that he had no prior knowledge that the plaintiff or the other man were attempting to pull the chute down. The plaintiff testified that he knew Burnett was trying to fold the chute down and saw him raise it up, but that he did not know his co-worker was going to let the chute drop on his hand.
The record does not support plaintiff’s contention that his actions were necessary to prevent the cement from hardening before it could be poured. Burnett indicated they were in a hurry to get on with the work in order to get out of the sun into the shade.
Concerning the issue of whether the lever at the rear of the truck was defective, the plaintiff said he attempted to pull the lever in order to swing the chute to the driver’s side of the truck, but that the lever was stuck, probably because of concrete lodged at the base of the lever. In order to apply more pressure on the lever he placed his other hand at the end of the upper chute where it was mashed. The driver of the truck testified that he had never experienced any mechanical difficulty with the equipment at the rear of the truck, including the lever, either before or after the accident when he finished unloading the concrete.
We are in full accord with the following findings of the trial court:
*276 “THE COURT: I find no negligence on the part of the defendant Dunham-Price. I find no defect in the lever. I think that whatever difficulty that the plaintiff and Mr. Burnett may have had in operating the lever was caused by their, possibly, haste as well as their unfamiliarity with this piece of equipment. But there was no defect that would call for the application of strict liability in this case. I do not find that the lever, defective or otherwise, was the cause, in fact, of the accident. The cause in fact of the accident, in the court’s opinion, was the combined negligence of Mr. Burnett and the contributory negligence of the victim.”
For the foregoing reasons the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.